JACK J. JOSEPH, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

HELEN JOSEPH, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 19181, 19219.   Promulgated May 6, 1929.

*Isaac Wagner, C. P. A.*, for the petitioners.
*R. H. Ritterbush, Esq.*, for the respondent.

OPINION.

MURDOCK: Counsel for the parties, particularly counsel for the respondent, seem to attach considerable importance to the question whether the Mann Company stock was or was not an asset of the several partnerships which existed between the time that the stock was purchased and the time that it was sold. We have not attempted to decide this question because in our opinion the decision of it would not be helpful in the decision of these cases themselves. The two petitioners admit that the Mann Company stock was sold in the year 1922 for a certain amount about which there is no controversy, and that they each received profits from the sale, but they contend that the Commissioner has incorrectly computed their respective profits from this sale, due entirely to the fact that he has used an incorrect basis for the computation of this gain. This being so, and in order to receive a favorable decision from this Board, it was incumbent upon each of them to prove the correct basis for the computation of his or her gain from this transaction. For several reasons, a few

of which we will point out, the petitioner's evidence is inadequate to justify our changing the Commissioner's determination.

Fourteen thousand four hundred dollars was paid in 1912 for 100 shares of stock in the Mann Company. Thereafter Jack J. Joseph either owned 50 shares of this stock as an individual or else he owned a partner's interest in all of the stock which formed an asset of the partnership. The situation with regard to his father was similar until he died intestate in 1918. Jack J. Joseph, as an heir, then became entitled to a fractional part of his father's share of or rights to the Mann Company stock, and if later he had sold this interest, the correct basis for his gain or loss from the transaction would be the fair market value of the interest in this stock at the time this part of his father's estate was distributed. *Charles E. Moser et al.*, 12 B. T. A. 672. See also *Matthiessen* v. *United States*, 65 Ct. Cls. 484; certiorari denied; 278 U. S. 609, 49 Sup. Ct. 13. Or, if he sold only a part of this interest, then the basis would be the value of the proportionate part as of the date received. Neither the date that he received his interest in his father's estate nor, what is more important, the value of the Mann Company stock at such date has been proven. It fact, this feature of the case seems to have been overlooked by the petitioners' counsel.

Jack J. Joseph purchased from his mother the interest which she received in her husband's estate, including her interest in the Mann Company stock. He thus acquired an additional interest in the Mann Company stock. If later he sold this interest, the correct basis for computing his gain or loss from this sale would be the cost to him of the interest. Likewise, if he sold a part of this interest the basis would be the proportionate part of the cost. A difficulty in this case is to determine the cost of this interest to Jack J. Joseph. Whether the mother's interest in the Mann Company stock was or was not separate from the partnership assets, at any rate all that Jack J. Joseph acquired from his mother he acquired in one transaction in which he paid her approximately $67,868 in a lump sum and the difficulty is to determine how much of this lump sum, if any, can properly be allocated to the purchase of his mother's interest in the Mann Company stock. Jack J. Joseph was the only witness in the case. He testified that in connection with the transaction which he had with his mother whereby he paid her approximately $67,868, he assigned a value of $1,100 a share to the Mann Company stock and to the partnership accounts receivable a value equal to 80 per cent of their book value. He did not testify that his mother accepted this allocation or that she knew of it. It does not appear from his testimony that his opinion of the value of the Mann Company stock at the time of the transaction in question is entitled to any weight.

Furthermore, it does not appear from his testimony that his opinion that the accounts receivable were worth only 80 per cent of the amount at which they were carried on the partnership books is entitled to any weight. We are not justified from the evidence in concluding that the amounts at which the other assets of the partnership were carried on the books represented the fair value of those assets at the time of this transaction. There was no good will included among these assets, and yet we know that the business had been successfully conducted for a number of years. We can not assume, as the petitioners would have us do, that there was no valuable good will attached to the business. Furthermore, the contention of Helen Joseph seems to be that her husband gave her whatever interest she had in the Mann Company stock and therefore the basis for computing her gain would be the same as it would be had the donor sold the stock. This contention is incorrect for two reasons. In the first place, it appears that her husband did not give her the stock, but, on the contrary, transferred it to her for a consideration, namely, the release of her dower interest in his estate. In the second place, even if he had given her the stock, the basis for the computation of her gain or loss upon the sale of the stock would be the fair market value of the stock at the time it was given to her, which value has not been proven. Revenue Act of 1921, sec. 202 (a) (2).

*Judgment will be entered for the respondent.*